GLEICH ET AL., APPELLANTS, *v.* GENERAL MOTORS CORP., APPELLEE, ET AL. (Two cases.)

[Cite as Gleich v. General Motors Corp. (1971), 29 Ohio App. 2d 28.]

(Nos. 71-48 and 71-49—Decided August 31, 1971.)

*Mr. John W. Leibold,* for appellants.
*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Thomas B. Ridgley,* for appellee.

STRAUSBAUGH, J. This is an appeal from a judgment of the Common Pleas Court dismissing the petitions of Mary I. Gleich and Leo A. Gleich, plaintiffs, following the sustaining of motions by defendant General Motors Corporation, filed pursuant to Rule 12(B)(6) of the Ohio Rules of Civil Procedure, seeking dismissal of each of the petitions for the reason that said petitions fail to state a claim upon which relief could be granted, on the ground

that a manufacturer of buses owes no duty to passengers therein to install seat belts, shoulder belts, or similar devices on buses. The judgment is affirmed

Mary Gleich and Leo Gleich, plaintiffs, each filed separate actions in the Common Pleas Court, joining as defendants Clarence Rash, Columbus Transit Company, and General Motors Corporation. The petition of Leo Gleich, which alleges that Mary Gleich is his wife, is in the nature of a consortium action. The petitions allege that Mary Gleich was a passenger in a Columbus Transit Company bus, manufactured by General Motors Corporation and owned and operated by Columbus Transit Company, when the bus collided with an automobile operated by Clarence Rash at the intersection of Leonard Avenue and Champion Avenue in the city of Columbus, causing Mary Gleich to suffer certain injuries in the collision. Upon motion of plaintiffs, the cases were ordered consolidated by the court.

In their petitions, plaintiffs alleged that:

"* * * defendant, General Motors Corporation, and defendant, Columbus Transit Company, should reasonably have foreseen that the said bus used in the manner for which it was designed, manufactured and intended by defendant, General Motors Corporation, and by defendant, Columbus Transit Company, would be involved in a collision at some time during its use; that defendant, General Motors Corporation, failed to design and manufacture the said bus in a manner which would be safe for passengers in the event of collision in that there were no seat belts, shoulder belts or other devices installed to assure that passengers would remain in their seats; to assure that passengers would not be thrown around inside the bus and to assure that passengers would not strike hard objects within the bus and to otherwise protect or save passengers from injury caused by being thrown from their seats and thrown about in the bus and striking hard objects * * *."

Plaintiffs alleged further that Mary Gleich was a passenger on a bus manufactured by General Motors Corpor-

ation, owned and operated by Columbus Transit Company, and operated by an employee and agent of Columbus Transit Company, when defendant Clarence Rash drove his automobile past a stop sign into the intersection of Leonard Avenue and Champion Avenue, striking said bus on the side and in the rear; that upon impact the operator of the bus immediately, and without warning, applied the brakes of the bus with great force, causing the bus to come to a lurching stop; that the collision and stop caused Mary Gleich to grasp a bar to prevent her from being thrown from her seat, thereby causing her to be injured; and that her injuries were proximately caused by the concurrent negligence, acts and omissions of the defendants.

Plaintiffs further allege negligence:

"A. In defendant, General Motors Corporation designing, manufacturing and selling to the Columbus Transit Company a bus for use in public transportation without adequate safeguards for passengers and particularly without seat belts, shoulder belts or other devices to assure that upon collision, the passengers remain in their seats, and that passengers are not thrown about."

The defendant, General Motors Corporation, filed motions under Rule 12(B)(6) of the Ohio Rules of Civil Procedure, seeking dismissal of the petitions on the ground that the petitions fail to state a claim upon which relief could be granted against General Motors Corporation. The Common Pleas Court sustained the motion to dismiss, stating: "On the question of the duty to supply seat belts on the part of a manufacturer or on the part of a carrier, there is a march in the direction of requiring that duty. This trial court is unwilling to join that incipient parade until required to do so by the law of Ohio. While the law should be a living and growing thing, able to deal with modern problems, trial courts should not inflict upon litigants new concepts of liability at every turn. This court feels that the application of traditional principles is propper in these cases until and unless the Legislature or higher courts fashion a new public policy with regard to seat belts." It is from the order of the Court of Common

Pleas, dismissing the petitions as to defendant General Motors Corporation, that plaintiffs take this appeal.

Plaintiffs' single assignment of error is:

"The Court of Common Pleas erred to the prejudice of plaintiffs-appellants in holding that as a matter of law the manufacturer of a passenger transit bus has no duty to manufacture a bus which is safe in the event of collision and specifically that the manufacturer has no duty to equip the bus with safety belts or other devices to save passengers from being thrown from their seats in the event of collision."

Counsel for plaintiffs, in his brief and oral argument, cites a number of cases holding that the manufacturer of motor vehicles has a duty to anticipate that its vehicles will be involved in collisions, and has the duty to take care in the vehicle design and manufacture to minimize the risk of injury and to minimize severity of injury. A careful examination of those cases discloses that the majority of them involve the design of the automobile or the malfunctioning of a particular piece of equipment. The only case cited which is comparable to the present case is *Greyhound Lines* v. *Superior Court* (1970), 3 Cal. App. 3rd 356. There, a passenger bus owned by Greyhound Lines, in 1964, while enroute from San Francisco to Vancouver, British Columbia, was involved in a collision with a truck in California. There, five plaintiffs, passengers in the bus, alleged in separate actions for personal injuries that Greyhound was negligent in failing to equip its bus with passenger seat belts. Greyhound's demurrers to the actions were overruled. The court held, on a petition for an alternative writ of prohibition asking the court to direct the trial court to desist and refrain from any further proceedings in the actions alleging failure to equip the bus with passenger seat belts, that: "It is now a matter of common knowledge that safety belts are effective in reducing fatalities and minimizing injuries in motor vehicle collisions." And that, even though no precedent had been shown regarding a mandatory provision for the furnishing of safety belts by common carriers: "Nevertheless,

where the evidence is such that reasonable men might fairly differ as to the answer to the question posed, the issue is one of fact for the jury to determine.''

One very distinguishing feature between that case and the present case is that in the California case the defendant was the common carrier operating the bus, whereas, here, the defendant is the manufacturer of the bus.

The standard of care of a common carrier is decidedly different from that of the manufacturer of a bus. A common carrier must exercise the highest degree of care for its passengers, while a manufacturer must exercise only ordinary care. Without deciding whether a failure to provide safety belts is a violation of the highest degree of care required of a common carrier, we find that there is no duty upon a manufacturer of a bus to provide seat belts to meet its requirement of ordinary care or a requirement that the bus be fit for the ordinary purposes for which it is to be used. For this court to impose the requirement of providing seat belts upon bus manufacturers would be an invasion by the courts of the province of the legislative bodies upon which the burden of such decision-making responsibility properly lies.

We find that defendant General Motors Corporation had no duty to plaintiff Mary Gleich to provide her with seat belts or other device to insure that said passenger would remain in her seat in case of collision. The judgment of the Common Pleas Court, dismissing the petitions herein against General Motors Corporation, is affirmed.

*Judgment affirmed.*

· · ·

TROOP, P. J., and WHITESIDE, J., concur.